UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-10376-MRA-RAO | Date | August 12, 2025 |
|---|---|---|---|
| Title | *Greenmount LLC v. Cleanline Management LLC, et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:     (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER COUNTERCLAIMANT'S COUNTERCLAIMS**

On December 11, 2023, Plaintiff Greenmount, LLC ("Greenmount"), d/b/a "ColdFire Extracts" ("ColdFire"), a California limited liability company, filed an action against Defendants Cleanline Management, LLC ("Cleanline"), also a California limited liability company; Nicholas Coburn ("Coburn"), a California resident; and Does 1 through 10, asserting claims for (1) misappropriation of trade secrets under 18 U.S.C. §§ 1836 *et seq.*; (2) intentional interference with prospective economic advantage; (3) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (4) trade libel; and (5) computer fraud and abuse under 18 U.S.C. § 1030(a)(4). ECF 1. Greenmount alleged that the Court has original subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). *Id.* ¶¶ 11-12. On May 3, 2024, Greenmount filed the operative Second Amended Complaint ("SAC"), raising the same claims and jurisdictional allegations. ECF 45.

On May 3, 2024, the Court issued a Civil Trial Order, setting the Final Pretrial Conference in this matter for October 2, 2024. ECF 47. On May 23, 2024, Coburn filed an Answer to the SAC, asserting the following counterclaims against Plaintiff/Counter-Defendant Greenmount and Individual Counter-Defendants Thair Daoud, Steven Daoud, and Zaid Jadan (collectively the "Counter-Defendants): (1) breach of contract; (2) declaratory judgment; (3) breach of fiduciary duty (against Individual Counter-Defendants only); and (4) illegal recording (against Individual Counter-Defendants only). ECF 50. Coburn alleged that the Court has supplemental jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1367(a). *Id.* ¶ 7. On April 11, 2025, the Court granted Defendants' Motion for Judgment on the Pleadings, dismissing Greenmount's claims against Cleanline and Coburn in the SAC, and denied Greenmount's Motion for Voluntary Dismissal. ECF 87. Thus, the only remaining claims are Coburn's counterclaims against Counter-Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-10376-MRA-RAO | Date | August 12, 2025 |
|---|---|---|---|
| Title | *Greenmount LLC v. Cleanline Management LLC, et al.* | | |

On April 16, 2025, Cleanline filed a Proposed Judgment on Greenmount's claims in the SAC. ECF 88. On April 18, 2025, Greenmount and Individual Counter-Defendants filed Objections to the Proposed Judgment, in which they argued that entry of final judgment as to *all* claims, including Coburn's counterclaims, would be appropriate because there are no longer any federal claims in this case. ECF 100 at 3-4. The Court declined to enter the Proposed Judgment and directed Defendants to file a motion pursuant to Federal Rule of Civil Procedure 54(b). ECF 102.

Pending before the Court are Defendants' Motions for Entry of Final Judgment as to Greenmount's claims in the SAC pursuant to Rule 54(b), ECF 103, 104, as well as Counter-Defendants' Daubert Motion to Exclude Expert Testimony, ECF 110. On June 9, 2025, Greenmount opposed Defendants' Motions. ECF 106. In its Opposition, Greenmount reiterates that it "would not oppose entry of a final judgment as to all claims and parties, which would be appropriate because there are no longer any federal claims in this case" because this case "has not been heavily litigated by either side." *Id.* at 13 n.2. In its Reply, Cleanline argues that Plaintiff's assertion is "disingenuous at best" considering it has not challenged the Court's jurisdiction over Coburn's counterclaims since first raising the issue in its April 18, 2025, Objections to the Proposed Judgment. ECF 107 at 11.

Even in the absence of a challenge from Counter-Defendants, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 1237 (2006) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999)). "Federal courts are courts of limited jurisdiction." *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside the federal courts' limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). The Supreme Court has emphasized that although a court *may* exercise pendent or supplemental jurisdiction, this "does not mean that jurisdiction must be exercised in all cases." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997). Supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's choice." *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The supplemental jurisdiction statute enumerates the following situations in which a district court can decline to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-10376-MRA-RAO | Date | August 12, 2025 |
|---|---|---|---|
| Title | *Greenmount LLC v. Cleanline Management LLC, et al.* | | |

28 U.S.C. § 1367(c). "The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity.'" *Int'l Coll. of Surgeons*, 522 U.S. at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7. Indeed, the Ninth Circuit has recognized that "once the district court, at an early stage of the litigation, dismisse[s] the only claim over which it had original jurisdiction, it d[oes] not abuse its discretion in also dismissing the remaining state claims." *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.    Coburn shall show cause in writing no later than **seven (7) days** from the date of this Order why the Court should exercise supplemental jurisdiction over the remaining counterclaims in this matter, briefing the standard set forth herein. In the alternative to a written response, Coburn may file a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), dismissing the counterclaims without prejudice to pursuing them in the appropriate forum.

2.    Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over Coburn's counterclaims pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

                                                                          -    :    -

                                        Initials of Deputy Clerk        mku